UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FREDERICK GORE,

Plaintiff,

vs.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

Defendant.

______________________________________)

The Plaintiff, FREDERICK GORE ("GORE"), by and through the undersigned counsel, hereby sues Life Insurance Company of North America ("LINA") and alleges:

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. GORE was at all times relevant a plan participant under the Fibertek, Inc.

Long Term Disability Plan, Group Policy SGD0604688 ("LTD" Plan).[1]

3. Defendant, LINA, is a Corporation with its principal place of business in the State of Pennsylvania, authorized to transact and transacting business in the Southern District of Florida. LINA is the insurer of benefits under the LTD Plan and acted in the capacity of a plan administrator. As the decision maker and payor of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The LINA LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Fibertek, Inc. under which GORE was a participant, and pursuant to which GORE is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, GORE is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as GORE remains disabled as required under the terms and conditions of the LTD plan.

5. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, LINA, is authorized to and is doing business within the Southern District of Florida, can be found in the Southern District of Florida and the final denial of benefits occurred within this Court's jurisdiction.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6. GORE incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, GORE was an employee or former employee of

[1] A copy of the LTD Plan is attached hereto as Exhibit "A."

Fibertek, Inc. and a plan participant under the terms and conditions of the LTD Plan.

8. During the course of GORE's employment, GORE became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while GORE was covered under the LTD Plan GORE suffered a disability, as a result of Injury or Sickness the nature of which due to privacy is detailed within the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

9. As it relates to GORE's current claim for benefits, Disability is defined to mean:

> **WHAT DOES DISABILITY MEAN?**
>
> *Disability means that due to sickness or injury:*
> 1. *you are not able to perform some or all of the material and substantial duties of your regular occupation and you have at least a 20% loss in your pre-disability earnings.*
>
> *OR*
> 2. *while you are not able to perform some or all of the material and substantial duties of your regular occupation, you are working in any occupation and have at least a 20% loss in your pre-disability earnings.*
>
> *We will continue payments to you beyond 24 months if due to the same sickness or injury:*
> 1. *you are not able to perform the material and substantial duties of any gainful occupation.*
>
> *OR*
> 2. *while you are not able to perform some or all of the material and substantial duties of your regular occupation, you are working in any occupation and have at least a 20% loss in your pre-disability earnings.*
>
> The definition of disability also presumes:
> - your disability begins while you are covered under the plan;
> - that the loss of a professional or occupational license or certification does not, by itself, mean you are disabled;
> - any occupation will include your regular occupation.

10. Due to restrictions and limitations arising from a diagnosis of Chronic Myegenous Leukemia, GORE made a claim to LINA for benefits under Fibertek's short-term and long-term disability plans beginning September 27, 2014.

11. LINA initially approved and paid GORE's short-term disability claim and long-term disability claims.

12. On or about May 20, 2015, LINA notified GORE that it was terminating

his claim for LTD Benefits.

13. GORE timely appealed LINA's adverse benefit determination.

14. On or about December 21, 2015, LINA affirmed its adverse determination and upheld its decision to deny GORE's LTD benefits.

15. GORE has fully complied with filing all mandatory administrative appeals required under the LTD Plan.

16. LINA breached the LTD Plan and violated ERISA in the following respects:

a. Failing to pay LTD benefits to GORE at a time when LINA and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as GORE was disabled and unable to work and therefore entitled to benefits.

b. After GORE's claim was denied in whole or in part, LINA failed to adequately describe to GORE any additional material or information necessary for GORE to perfect his claim along with an explanation of why such material is or was necessary.

c. LINA failed to properly and adequately investigate the merits of GORE's disability claim and failed to provide a full and fair review of GORE's claim.

17. GORE believes and alleges that LINA wrongfully denied his claim for LTD benefits under the LTD Plan, by other acts or omissions of which GORE is presently unaware, but which may be discovered in this future litigation and which GORE will immediately make LINA aware of once said acts or omissions are discovered by GORE.

18. As a proximate result of the aforementioned wrongful conduct of LINA

under the LTD Plan, GORE has damages for loss of disability benefits in a total sum to be shown at the time of trial.

19. As a further direct and proximate result of this improper determination regarding GORE's claim for benefits, GORE, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), GORE is entitled to have such fees and costs paid by LINA.

20. The wrongful conduct of LINA has created uncertainty where none should exist; therefore, GORE is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, FREDERICK GORE prays for relief against Life Insurance Company of North America as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: March 16, 2016

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Cesar Gavidia*

Cesar Gavidia, ESQUIRE
Florida Bar No: 015263
Email: Cesar@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com